1999 ME 146

**KEYBANK NATIONAL ASSOCIATION**

v.

**Donald H. GOODRIDGE et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 15, 1999.
Decided Oct. 20, 1999.

Michael S. Haenn, Bangor, for plaintiff.

Donald L. Goodridge, Linda L. Goodridge, Houlton, for defendants.

Before WATHEN, C.J., and CLIFFORD, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

PER CURIAM.

[¶ 1] Donald and Linda Goodridge appeal from a judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) granting Keybank National Association's motion for leave to file a copy rather than the original of a negotiable instrument pursuant to M.R. Civ. P. 55(b)(3).[1] The Goodridges argue that Keybank failed to show cause for not filing the original and that the trial court erred in granting the motion. We affirm the judgment and because we find the appeal to be without merit, frivolous and instituted merely for delay, we impose sanctions of $500.

[¶ 2] In 1994, the Goodridges executed and delivered a promissory note to Keybank for $126,894.42 secured by a mortgage on several properties in Houlton. After the Goodridges failed to pay the installments on the note, Keybank sought a judgment of foreclosure and sale pursuant to 14 M.R.S.A. § 6322 (1980 & Supp. 1996). The Goodridges filed a counterclaim, contending that Keybank had violated the terms of the note. Keybank filed a motion for a summary judgment pursuant to M.R. Civ. P. 56 and a motion for leave to file a copy of the negotiable instrument pursuant to M.R. Civ. P 55(b)(3). The trial court granted Keybank's motion for a summary judgment and the Goodridges appealed. We affirmed in a memorandum of decision. *See Keybank Nat'l Assoc. v. Goodridge*, No. 99–6 (Me. Jan. 13, 1999) (mem.).

[¶ 3] Simultaneously with its summary judgment, the trial court also granted Keybank's motion for leave to file a copy of the negotiable instrument. Due to a clerical error, however, the order was not docketed until February 8, 1999, after which the Goodridges filed this appeal.

[¶ 4] The Goodridges' appeal is frivolous for at least four reasons. First, the fact that a copy of the note was filed with the court and not the original does not affect the underlying merits of the case, as the authenticity of the note was not challenged by the Goodridges. Second, whether an original or a copy of the note is filed would not change the fact that we affirmed the trial court's grant of a summary judgment for Keybank. Third, Keybank's motion pursuant to M.R. Civ. P. 55(b)(3) was unnecessary because Keybank was seeking a summary judgment not a default judgment. Finally, the trial court's finding that Keybank had cause for filing a copy rather than the original was not clearly erroneous.

[¶ 5] Because the Goodridges' appeal is frivolous and instituted merely for the purpose of delay, we impose sanctions in the amount of $500 to be paid by the Goodridges to Keybank pursuant to M.R. Civ. P. 76(f).

The entry is:

Judgment affirmed with sanctions against the appellants in the amount of $500.

---

1. Maine Rule of Civil Procedure 55(b)(3) provides:

   (3) *Judgment on Negotiable Obligation.* No judgment by default shall be entered upon a claim based on a negotiable instrument or other negotiable obligation unless the instrument or obligation is filed with the clerk or unless the court for cause shown shall otherwise direct on such terms as it may fix.

   *Id.*